**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **VICKIE DUNN,** | ) | **CASE NO. 1:05 CV 2541** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **HYATT LEGAL PLANS, INC.,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

----

| | | |
|---|---|---|
| **VICKIE DUNN,** | ) | **CASE NO. 1:05 CV 2542** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **COMMUNICATIONS WORKERS** | ) | **AND ORDER** |
| **OF AMERICA, LOCAL 4309,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are the Motions for Summary Judgment filed by Defendant Hyatt Legal Plans, Inc. ("Hyatt") **(Case No. 1:05 CV 2541, ECF No. 6)** and Defendant Communications Workers of America, Local 4309 ("Local 4309") **(Case No. 1:05 CV 2542, ECF No. 5)**. For the following reasons, the Motions are **GRANTED** and the case is dismissed with prejudice.

**I.**

*Pro se* Plaintiff Vickie Dunn was employed by Defendant Hyatt and represented by Defendant Local 4309. Hyatt and Local 4309 have a collective bargaining agreement which sets forth a six-step procedure for adjudicating disputes or "grievances" that may arise between an employee and Hyatt or Local 4309 and Hyatt. *Case No. 1:05 CV 2542, ECF No. 5, Ex. 1,* at 18-20. The final two steps of the grievance procedure are mediation and arbitration. *Id*. at 20.

On or about July 24, 2003, Hyatt advised Plaintiff that due to a reduction of work her position had become part-time. *Case No. 1:05 CV 2542, ECF No. 5-2, Def.'s Br. Supp. Mot. Dismiss* ("Union's Br."), at 2; *Union's Br., Ex. 2, Letter of September 12, 2003* ("September Letter"), at 1. Plaintiff was given the choice of taking the part-time position or accepting a layoff with payment for her years of service. *September Letter,* at 1. On or about August 4, 2003, Local 4309 filed a grievance on behalf of Plaintiff. *Id*. The parties thereafter reached an agreement that Hyatt would offer Plaintiff a full-time position in the Client Service Center ("Center") at the same salary as her previous position on the condition that she successfully complete a training program. *Id*. at 2. In exchange, Local 4309 and Plaintiff agreed to withdraw the grievance. *Id*. This agreement was reduced to writing and signed by all parties. *See id*.

On November 12, 2003, Plaintiff was discharged on the ground that she failed the Center's training and retraining programs. *Union's Br., Exs. 3, 5.* Local 4309 filed a grievance challenging Plaintiff's termination. *Union's Br., Ex. 4*. The grievance alleged that Plaintiff's training was inadequate and biased, and asked Hyatt to reconsider its decision and reinstate Plaintiff. *Id*. at 1. In accordance with the terms of the collective bargaining agreement, Hyatt issued a written response to the grievance. *Union's Br., Ex. 5, Letter of January 5, 2004.* The

response stated as follows: (1) the grievance was untimely and lacked merit; (2) Hyatt had complied with the terms of the collective bargaining agreement; and (3) Plaintiff was required to pass the training program in order to continue her employment with Hyatt, but did not do so. *Id*. at 1.

Local 4309 maintains a three-person panel which decides whether to pursue the mediation and arbitration of grievances. *Union's Br.,* at 2. The panel unanimously concluded that the grievance challenging Plaintiff's termination was not meritorious and that it would be unwise to devote the necessary resources to mediate or arbitrate the grievance. *Union's Br., Ex. 6, Aff. of Annie Murrell* ¶¶ 16-17.

On July 30, 2004, Plaintiff drafted an unfair labor practices charge against Local 4309. *Union's Br., Ex. 8,* at 3. The charge was filed with the National Labor Relations Board ("NLRB") and alleged that Local 4309 "failed and refused to process in good faith" the grievance challenging Plaintiff's termination, in violation of Section 8 of the National Labor Relations Act ("NLRA"). *Id.* The NLRB dismissed the charge and the NLRB Office of Appeals denied Plaintiff's appeal. *Union's Br., Exs. 9-10.*

On September 28, 2005, Plaintiff filed suit in state court against Local 4309, alleging that the union failed to represent her in her grievance against Hyatt.[1] *Case No. 1:05 CV 2542, ECF No. 1*, *Ex. 2*, ("Local 4309 Complaint"), at 1. Plaintiff contemporaneously filed a wrongful discharge complaint in state court against Hyatt. *Case No. 1:05 CV 2541, ECF No. 1,*

---

[1]The state court complaint in Case No. 1:05 CV 2542 named as Defendants Local 4309 "and its Affiliates." *ECF No. 1, Ex. 2,* at 1. Plaintiff does not specify who these "[a]ffiliates" are. *Id.* In her own affidavit, however, she refers to Metropolitan Life Insurance Company ("MetLife") as an "affiliate/subsidiary/parent company" of Hyatt, *see ECF No. 6-4, Aff. of Vickie Dunn,* at 1, but does not direct any specific claims against MetLife. Accordingly, the Court finds that the instant action is properly brought against the named Defendants only.

*Ex. 2* ("Hyatt Complaint"), at 1. Both cases were removed to this Court and consolidated pursuant to Federal Rule of Civil Procedure 42(a). *Case No. 1:05 CV 2541, ECF No. 1; Case No. 1:05 CV 2542, ECF Nos. 1, 4.*

Local 4309 filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's suit is time-barred. *Case No. 1:05 CV 2542, ECF No. 5,* ("Local 4309 Motion"), at 1. In the alternative, Local 4309 requested that the Court construe its motion as a motion for summary judgment pursuant to Rule 56. *Id.* Plaintiff filed a timely response brief, *ECF No. 6,* ("Response"), and Local 4309 filed a timely reply, *ECF No. 7,* ("Reply"). A few weeks later, Hyatt filed a similar motion. *Case No. 1:05 CV 2541, ECF No. 6.* The Court thereafter gave notice that it would treat Defendants' Motions as Rule 56 Motions for Summary Judgment as permitted by Federal Rule of Civil Procedure 12(b) because all parties had attached exhibits to their briefs. *Case No. 1:05 CV 2542, ECF No. 8*, at 1. The Court gave the parties until December 22 to file additional exhibits in support of their claims, and gave Plaintiff until December 22 to file a response to the new arguments raised in Hyatt's motion. *Id.* at 2. On December 21, Plaintiff filed a response to Hyatt's motion as well as countless pages of exhibits. *Case No. 1:05CV2541, ECF No. 8* ("Response to Court's Notice"). The Court has reviewed Plaintiff's response and supporting documentation, and the case is now ripe for adjudication.[2]

---

[2]These exhibits do not respond to the statute of limitations issue, but rather address the merits of Plaintiff's claims against Hyatt and/or Local 4309. The few remarks made in Plaintiff's response brief that touch on the statute of limitations issue are addressed below.

**II.**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The court is to determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party.  *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1000 (6th Cir. 2005).

"Summary judgment is appropriate if a party, after adequate opportunity for discovery, 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).  In order for there to be a genuine issue for trial, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.  If, after reviewing the record as a whole, a rational factfinder could not find for the nonmoving party,

summary judgment is appropriate because there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

**III.**

The allegations in Plaintiff's Complaints are largely unintelligible. Despite the shortcomings of these pleadings, the Court believes that the essence of Plaintiff's claims is that Hyatt terminated her employment in violation of the collective bargaining agreement and that Local 4309 failed to adequately process her grievance against Hyatt.

Defendant Hyatt argues that the wrongful discharge claim is completely preempted by federal law. *Case No. 1:05 CV 2541, ECF No. 6-2, Hyatt Mem. Supp. Mot. Dismiss,* at 5. The Court agrees. The Sixth Circuit has held that § 301 of the Labor Management Relations Act ("LMRA") preempts state law when "employment relationships which are subject to a collective bargaining agreement" are implicated. *Jones v. Gen. Motors Corp.,* 939 F.2d 380, 383 (6th Cir. 1991) (quoting *Maushund v. Earl C. Smith, Inc.,* 795 F.2d 589, 591 (6th Cir. 1986)). Plaintiff references the collective bargaining agreement in her state complaint, and alleges that she is covered by that agreement. *Hyatt Complaint,* at 3. In *Jones,* the Sixth Circuit found that the employee's breach of contract claim was preempted by § 301 where the resolution of the claim would "require a court to address relationships that have been created through the collective bargaining process." *Id.* at 382. In the instant case, a resolution of Plaintiff's wrongful discharge claim would require this Court to interpret the terms of the collective bargaining agreement as they relate to Hyatt's right to terminate employment for just cause, and to address relationships created through the collective bargaining agreement. *See Case No. 1:05 CV 2542, ECF No. 5, Ex. 1* ("Collective Bargaining Agreement"), at 3-4. Accordingly, the Court finds that

Plaintiff's wrongful discharge claim against Hyatt is really a claim under § 301 of the LMRA and is therefore preempted, and concludes that the state court complaints together constitute what the U.S. Supreme Court has referred to as a "hybrid" claim:

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.

*DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164 (1983).

In *DelCostello,* the Court declared the six-month statute of limitations set forth in Section 10(b) of the NLRA as the applicable limitations period for filing such hybrid suits. *Id.* at 155; *Gersbacher v. Commercial Carriers, Inc.,* No. 84-1014, 1985 WL 13385, at *2 (6th Cir. Jun. 17, 1985) ("[T]he Supreme Court held the statute of limitations found in § 10(b) was to be applied in all hybrid § 301/unfair representation cases"). The Sixth Circuit has rejected the argument that the decision in *DelCostello* should apply only to lawsuits where the underlying grievance proceeded to arbitration. *Smith v. Grand Rapids City Coach Lines Inc.,* No. 82-1812, 1985 WL 13260, at *2 (6th Cir. May 2, 1985) ("For purposes of hybrid § 301/unfair representation actions, a Union's failure or refusal to grieve a discharge has the same finality as an arbitration award."). Beyond making a conclusory allegation that her complaint was timely filed, Plaintiff failed to respond to the argument that the six-month statute of limitations prescribed in § 10(b) bars her hybrid action.

Generally, the six-month limitations period begins to run when the claimant discovers, or should have discovered with the exercise of reasonable diligence, the acts constituting the alleged violation. *Shapiro v. Cook United, Inc.,* 762 F.2d 49, 51 (6th Cir. 1985).

Local 4309 argues that Plaintiff was verbally informed of the panel's decision not to pursue mediation or arbitration on January 23, 2004. *Union's Br.,* at 3. Plaintiff denies receiving notice of the status of her grievance on this date. *Response,* at 2. The Court need not resolve this dispute because the instant cause of action certainly accrued no later than July 30, 2004, when Plaintiff brought a claim against Local 4309 before the NLRB.[3]

> The NLRB charge stated as follows:
>
> Since on or about March 1, 2004, [Local 4309] has failed and refused to process in good faith a grievance filed by Vickie Dunn, an employee of Hyatt Legal Plans.
>
> Since on or about December 30, 2003[,] nothing has been done, nothing said until July 2004. Constantly in contact with President Mallory Annie Murrell No Reason Why – All Conflicting Information.

*Union's Br., Ex. 8,* at 3. This charge that Local 4309 mishandled Plaintiff's grievance demonstrates that Plaintiff learned about the facts relating to the inactivity on the part of Local 4309 over a year before she filed her lawsuit in state court. Plaintiff filed the NLRB charge after what she admits is seven months of union inactivity relating to her grievance. After filing the NLRB charge, she then sat back <u>for more than one year</u> before filing an action against Local 4309 in state court. Indeed, Plaintiff's response to the Court's December 12 notice supports this finding. Attached to Plaintiff's response brief is an impassioned letter from Vickie Dunn to

---

[3]The NLRB charge is signed by Plaintiff and dated July 30, 2004. *Union's Br., Ex. 8,* at 3. However, the charge itself was not filed until August 3, 2004. *Id.* Even assuming, *arguendo*, that the statutory period were to commence on the latter date, the instant action would still be untimely.

Annie Murrell, Director of Local 4309, dated July 15, 2004. *Response to Court's Notice, Ex. 4*.[4] In this letter, Plaintiff expressly acknowledges the union's failure to pursue her grievance. *Id.*

Plaintiff argues that she first discovered that Local 4309 was not pursuing her grievance when another Hyatt employee, Anna Heisley, advised her in this regard. *Response to Court's Notice*, at 9-11. Local 4309 correctly points out in its response that Plaintiff offers no date for this event. *Case No 1:05 CV 2542, ECF No. 9*, at 4 n.4. Plaintiff also argues that she filed her state court complaints once "it was clear without reasonable doubt" that Local 4309 was no longer pursuing her grievance. *Response to Court's Notice*, at 10. The "reasonable doubt" standard is not required for purposes of triggering the relevant statute of limitations. The instant cause of action accrued when Plaintiff essentially knew the disposition of her grievance in July 2004. *See Dowty v. Pioneer Rural Elec. Coop., Inc.*, 770 F.2d 52, 57 (6th Cir. 1985).

Plaintiff does not allege, and the record does not suggest, any conduct on the part of Defendants – such as fraudulent concealment or misleading conduct – which would have tolled the statute of limitations. *See Smith,* at *1; *Shapiro,* 762 F.2d at 51. Although Plaintiff makes the general allegation that she followed the advice of Local 4309's then-President Brenda Mallory in filing her NLRB claim and her state court complaints, she does not state that any union official misled her or caused her to delay the filing of her lawsuits. *Response to Court's Notice*, at 9 ("The two complaints were . . . properly submitted to [state court] and done so within the timely filing limitations, which had been encouraged and provided by Brenda Mallory[,] . . . the Clerk of Courts and an Attorney who I had consulted."). Plaintiff argues that she was not

---

[4]Exhibit 4 consists of numerous attachments in no particular order. The cited letter is located at the very end of Exhibit 4.

given the opportunity to withdraw her NLRB charge and pursue her claims in state court, and states that she was following the advice of Union staff. *Response,* at 3. However, as Local 4309 correctly points out, there is no reason Plaintiff could not have pursued both the agency charge and the instant lawsuit concurrently. *Reply,* at 4. Moreover, Plaintiff's NLRB appeal was denied in November 2004. *Id.*; *Union's Br., Ex. 10,* at 1. Plaintiff does not explain why she could not have pursued her state lawsuit at some point within the two months following the denial of her agency appeal.

The decision not to pursue a grievance need not be formally conveyed for purposes of triggering the statute of limitations. *See Dowty,* 770 F.2d at 57 (finding that the cause of action accrued when the employee "kn[ew] what the union ha[d] done to represent his interests and essentially the disposition of his grievance"); *Metz v. Tootsie Roll Indus., Inc.,* 715 F.2d 299, 304 (7th Cir. 1983) (finding that the inactivity on the part of the union should have been discovered prior to the six-month statutory period because the plaintiff should have known that the union did not comply with the time-sensitive provisions of the grievance procedure).

In the instant lawsuit, Plaintiff alleges that Local 4309 failed to notify her of matters pertaining to her grievance, including scheduled meetings as well as the final disposition of her grievance, and repeatedly told her to pursue her claim on her own. *Local 4309 Complaint,* at 2-3; *Response,* at 2, 5. She also claims that Local 4309 failed to mediate or arbitrate her grievance;[5] failed to accept affidavits from other employees supporting her allegations; failed to properly investigate and gather evidence in support of her grievance; failed to report matters

---

[5]Although the collective bargaining agreement does not set forth a specific deadline by which the union or the company must elect mediation, Plaintiff knew that the Union was not pursuing her grievance by the end of July 2004.

-10-

pertaining to her grievance to the appropriate persons; and failed to timely file her grievance. *Local 4309 Complaint,* at 2-3; *Response,* at 2, 5. These allegations are all based upon facts known, or discoverable with the exercise of reasonable diligence, by Plaintiff no later than July 30, 2004. To the extent that these claims are more particularized than those alleged in the NLRB charge, Plaintiff has not shown that she was unable to discover the facts underlying these claims despite due diligence by July 2004.

Plaintiff did not file her companion state lawsuits against Local 4309 and Hyatt until September 28, 2005, nearly eight months beyond the six-month statute of limitations. Accordingly, the Court finds that Plaintiff's Complaints are time-barred.

**IV.**

The above-captioned cases were filed well outside the six-month statutory period prescribed for hybrid § 301/fair representation suits. Accordingly, Defendants' Motions for Summary Judgment **(Case No. 1:05 CV 2541, ECF No. 6; Case No. 1:05 CV 2542, ECF No. 5)** are **GRANTED** and the Complaints are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster  12/27/2005*
**Dan Aaron Polster
United States District Judge**